Filed 1/7/13; pub. order 2/5/13 (opn. received from app. div. 8/30/13)

<u>CERTIFIED FOR PUBLICATION</u>

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF VENTURA**

**APPELLATE DIVISION**

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | |
| Plaintiff and Respondent, | ) ) | (Ventura County Superior Court Case Number 2010043342) |
| vs. | ) ) | |
| DAVID EDWARD LISCOTTI<br>Defendant and Appellant. | ) ) ) | |

BY THE COURT:[*]

APPEAL from a judgment from the trial court in the Superior Court of Ventura County, Ryan Wright, Judge. Affirmed.

**STATEMENT OF CASE**

On March 6, 2012, Appellant agreed to a court trial on charges that he possessed a 'billy' in violation of Penal Code Section 12020(a)(1), now renumbered Penal Code Section 22210. The prosecution submitted on police reports and exhibits, both of which are contained in the record on appeal. Appellant testified at the trial and claimed that he possessed the 'billy' in anticipated 'self defense.' He admitted to altering the baseball bat by wrapping it in nylon, boring a hole in the center of the bat, and placing a metal bolt in the core of the bat. Appellant had used the billy once before in a, "Private one-on-one." At the conclusion of the trial, Appellant asked the Honorable Judge Ryan Wright to declare Penal Code Section 12020(a)(1) unconstitutional. Judge Wright requested briefing on the matter and on March 20, 2012, declared that the Second Amendment of the United States Constitution did not apply to the weapon involved in Appellant's case. Judge Wright further declined to rule the statute unconstitutional.

---

[*] Henry J. Walsh, Presiding Judge, Nancy L. Ayers and Matthew P. Guasco, Judges.

1

## GROUNDS ON APPEAL

Is possession of a billy, of this nature, protected by the Second Amendment of the United States Constitution, and, if so, is Penal Code Section 12020(a)(1) unconstitutional as a result?

## DISCUSSION

A.

IS POSSESSION OF A BILLY

PROTECTED BY THE SECOND AMENDMENT

OF THE UNITED STATES CONSTITUION?

The Second Amendment "Confers an individual right to keep and bear arms, at least for the core purpose of allowing law-abiding citizens to 'use arms in defense of hearth and home." *District of Colombia v. Heller* (2008) 554, U.S. 570 128 S. Ct. 2783, 2821. The right is not absolute or unlimited.  It does not extend to all types of weapons and is only extended to types of weapons 'typically possessed by law-abiding citizens for lawful purposes.' *Heller,* supra, at 2814. There is a historical exception to the right to bear arms reflecting a prohibition of the right to carry 'dangerous and unusual' weapons. *Heller*, supra, at 2817.  "…The *Heller* court recognized that the right to bear arms in self defense, like most constitutional rights, is not unlimited. (cites omitted.)  'The right is [is] not a right to keep and carry any weapon whatsoever *in any manner whatsoever* and for whatever purpose.' " *People v. Mitchell* (2012) 209 Cal. App. 4th 1364, 1373. There have been longstanding prohibitions imposed upon rights under the Second Amendment, including limitations on which people have the right to bear arms and restrictions upon locations where they may be possessed. Likewise, the *Heller* court made it clear that laws regulating possession of dangerous and unusual weapons are not constitutionally suspect because weapons that fall in to this category are not protected by the Second Amendment.  *United States v. Marzzarella* (2010) 614 F. 3d 85, 91.

Weapons that are dangerous and unusual are those weapons that are not, "…Typically possessed by law-abiding citizens for lawful purposes." *Heller*, supra at 2816. In order to be

2

classified as a weapon that is normally possessed by a law abiding person, for legitimate purposes, there needs to be some showing, factually, that the possession or use of the weapon, "…Has some reasonable relationship to the preservation or efficiency of a well regulated militia." *United States v. Miller* (1939) 307 U.S. 174, 178 (Transportation of a shotgun with a barrel less than 18 inches in length.) Although counsel argues in his appellant's brief that weapons such as these have been carried since the beginning of time, no evidence was introduced to that effect at the trial on this matter.   Judicial notice of an important fact needs some substantiation based on evidence presented at a trial. (As an aside, historically, it appears to this court that billys, as used by the cavemen, were used primarily for hunting and for defense against animals, not as weapons for self defense against other cavemen. Or, if they were used against other cavemen, it was probably an escalation in use of force to gain an advantage, which would now be unlawful self defense….). Weapons traditionally found to be outside the scope of the protection of the Second Amendment have been: pipe bombs, *United States v. Tagg* (11th Cir. 2009) 572 F. 2d 1320, 1326;  concealed weapons *State v. Chandler* (1850); and, unmarked firearms, *United States v. Carter* (9th Cir. 2005).

The weapon in this case, a full size modified baseball bat, weighted with lead and wrapped in rope, does not appear to us to fall in to the classification of a weapon that would normally be possessed by a law abiding citizen for a lawful purpose. Instead, it appears to us to be a weapon which, by its very nature, increases the risk of violence in any given situation, is a classic instrument of violence, and has a home-made criminal and improper purpose. Likewise, it appears to be the type of tool that a brawl fighter or a cowardly assassin would resort to using, designed for silent attacks, not a weapon that would commonly be used by a good citizen. *People v. Grubb* (1965) 63 Cal. 2d. 614, 620. We conclude that possession of such a weapon is not protected by the Second Amendment of the United States Constitution.  In this regard, we agree with the trial judge.

B.

PENAL CODE SECTION 12020(a)(1).

NOW 22210,

IS NOT FACIALLY UNCONSTITUTIONAL


Assuming we are incorrect in excluding possession of a weapon such as this from the protection of the Second Amendment, we conclude that Penal Code Section 12020(1)(a) is not facially unconstitutional.

> When evaluating a facial challenge to the constitutional validity of a statute, we consider the text of the statute itself, not its application to the particular circumstances of the individual. (*Tobe v. City of Santa Ana* (1995) 9 Cal. 4th 1069, 1084) If a statute is constitutional in its general and ordinary application, the statute is not facially unconstitutional merely because "there might be some instances in which application of the law might improperly impinge upon constitutional rights." *American Academy of Pediatrics v. Lungren* (1997) 16 Cal. 4th. 307, 347. (*People v. Mitchell* (2012) 209 Cal. App. 4th 1364, 1373.)

Penal Codes Section 12020(a)(1) bans, among other things, possession of , …"Any leaded cane, or any instrument or weapon of the kind commonly known as a billy, blackjack, sandbag, sandclub, sap, or slungshot…". Possession of these items is statutorily authorized for police officers, and licensed uniformed security guards. Penal Code Section 22215.

While the standard for review is undecided, we are examining the law, and following the example of *Miller, supra,* using the level of' 'intermediate scrutiny.' We have chosen this level of review based on the direction of the court in *Miller,* supra, at 1374 and *Mazzarella*, supra, at 97, because the statute does not completely ban the possession of these types of weapons. Penal Code Section 22215 creates exemptions for those lawfully allowed to possess certain types of instruments proscribed in Penal Code Section 22210. Primarily, the statute examined needs to serve an important governmental interest. We conclude that the important governmental interest here is that the government has an interest in protecting individuals from attack with a serious weapon designed, first and foremost, to cause serious bodily injury.

4

The risk of surprise attack exists even if the weapon bearer intends only to use the weapon only for legitimate self defense. The public safety risk arising from possession of a weapon (including a knife,) even for 'anticipatory self defense' was explained in *Mack v. United States* (D.C. 2010) 6 A. 3d 1224. 1232: 'when dangerous weapons are readily available death or serious bodily injury too often result. One who carries a knife, a pistol, or an ice pick may think he will use it only in lawful self defense. But, threats, violence and other unsettling events may occur without warning. People who are startled or upset may over-react, lose their tempers, or make poor judgments under stress. Even when they start out with good intention, persons who carry items capable of inflicting death or great bodily injury may use them in ways or in situations that are not justified-- with grave results. (*People v. Mitchell* (2012) 209 Cal. App. 4th 1364, 1375.)

As such, we conclude that the government has an important interest in preventing against increased violence and surprise attacks.

We further conclude that the statute survives scrutiny in that it is narrowly tailored to enable law abiding individuals to bear not otherwise proscribed arms in lawful self defense. We accept respondent's arguments in this regard. There are many other weapons which one can legitimately carry in self defense, including a knife not concealed upon one's person.

## C.

## PENAL CODE SECTION 12020(a)(1)

## IS CONSTITUTIONAL AS APPLIED

We next turn to analyze whether the statute is unconstitutional in its application to Appellant. When considering a claim that a facially valid statute has been applied in a constitutionally impermissible manner, 'The court evaluates the propriety of the application on a case by case basis to determine whether to relieve the defendant of the sanction.' (T*obe v. City of Santa Ana* supra, 9 Cal. 4th 1084). An 'as applied challenge,' "Contemplates analysis of the facts of a particular case … to determine the circumstances in which the statute… has been applied and to consider whether in those particular circumstances the application deprived the [defendant] of a protected right." (Ibid.) *People v. Mitchell*, supra, at 1378. As stated in *Mitchell*, ibid, even if appellant only intended to use the billy defensively, the statute is valid as applied because it is reasonably necessary to prevent the risk of great bodily injury, a surprise

attack in the heat of passion, or a mistake in judgment which results in unnecessary use of a deadly weapon. This is particularly true given the home-made nature of the weapon, its capability for doing great bodily injury if used, and because of the fact it was concealed behind the seat of the car. All of these factors increase the risk of improper use and of potential harm.

## **ORDER**

The judgment of the trial court, Honorable Ryan Wright, is AFFIRMED.

Counsel:

Caroline Sommers, Deputy District Attorney from the Office of the District Attorney, for Plaintiff and Respondent.

Ken Hamilton, Deputy Public Defender from the Office of the Public Defender for the Defendant and Appellant.