# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Bacon,                          :
                 Petitioner     :
                                         :
         v.                         :    No. 1568 C.D. 2016
                                         :    Submitted: February 10, 2017
Pennsylvania State Police,               :
               Respondent    :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION**
**BY JUDGE SIMPSON**                **FILED:  June 13, 2017**


David L. Bacon (Applicant) petitions for review from an order of an Administrative Law Judge (ALJ) of the Office of the Attorney General (OAG) that sustained a decision of the Pennsylvania State Police (PSP) denying his application to purchase or transfer a firearm. The basis for the denial was Section 6105 of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa. C.S. §6105 ("Persons not to possess, use, manufacture, control, sell or transfer firearms"), which precludes a person convicted of a prohibited offensive weapon violation or similar out-of-state violation from purchasing a firearm in Pennsylvania.

Primarily, Applicant argues the ALJ erred in denying his request for relief where his 2002 criminal charge in California was "set aside," a "plea of not guilty [was] entered," and the "case [was] ordered dismissed"; and, in the absence of a conviction, Applicant could not be prohibited pursuant to 18 Pa. C.S. §6105(a). Br. of Appellant at 2. Applicant also presents two alternative

arguments. Upon review, we affirm, while acknowledging that Applicant has an alternative remedy available.

## I. Background

In 2002, Applicant pled guilty to criminal possession of a "billy club" in violation of former Section 12020 of the California Penal Code.[1] He received a sentence of 30 days in jail, followed by 36 months of what the courts in California call "probation," which we understand to be supervision in the community. A fine was also imposed against Applicant.

In 2004, Applicant filed a motion for early termination of his probation and to set aside his conviction. The Superior Court of California subsequently issued an order terminating Applicant's probation, and, in accordance with Section 1203.4 of the California Penal Code: (1) set aside Applicant's guilty plea; (2) entered a plea of not guilty; and, (3) dismissed the case. The order also stated it "[did] not relieve [Applicant] of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or by contracting with the California State Lottery." Certified Record (C.R.), Item #6, Ex. A at 18.

In November 2015, after Applicant became a Pennsylvania resident, he attempted to purchase a firearm at Cabela's. After a search of the Pennsylvania Instant Check System (PICS) database, Applicant's request was denied. Applicant

---

[1] Section 12020 was repealed by Stats. 2010, c. 711 (S.B.1080), §4, effective January 1, 2012. A similar provision is now found in Section 22210 of the California Penal Code.

filed a PICS Challenge. In response, the PSP confirmed the denial of Applicant's request under Section 6105 of the Unified Firearms Act based on a disqualifying conviction for manufacture or possession of a dangerous weapon. Applicant appealed to the OAG. A hearing ensued before an ALJ.

At the hearing, the parties essentially agreed that the sole issue was a legal issue: whether Applicant's conviction and subsequent proceedings in his California criminal case disqualified him from purchasing a firearm in Pennsylvania. The parties presented no witness testimony. However, they submitted a 22-page joint exhibit. After the hearing, the parties submitted legal memoranda.

Ultimately, the ALJ issued an order denying Applicant's appeal. Shortly thereafter, the ALJ issued a decision setting forth findings and reasons for denying Applicant's requested relief. In particular, the ALJ found that in October 2002, Applicant was convicted of violating Section 12020(a)(1) of the California Penal Code for possessing a "billy club." ALJ's Findings & Reasons for Denial of Request for Relief at 1. The ALJ determined Section 12020(a)(1) of the California Penal Code was equivalent to Section 908 of Pennsylvania's Crimes Code. Thus, the ALJ concluded, Applicant was prohibited from purchasing a firearm pursuant to Section 6105 of the Uniform Firearms Act.

In September 2004, an order was entered pursuant to California Penal Code Section 1203.4. However, the ALJ determined, the order did not remove the

3

conviction from the definition of "conviction" set forth in Section 6102 of the Uniform Firearms Act, 18 Pa. C.S. §6102.

To that end, the ALJ stated the California Penal Code specifically permits, "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Section 1203.4 of the California Penal Code. Further, "the order does not relieve [an individual] of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery." Id. Additionally, that Section states: "Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Section 12021." Id. Further, the ALJ stated, California courts interpret this statutory provision as not "expunging" or eradicating the conviction. See People v. Gross, 190 Cal. Rptr. 3d 472 (Cal. Ct. App. 2015); People v. Frawley, 98 Cal. Rptr. 2d 555 (Cal. Ct. App. 2000).

Ultimately, the ALJ determined Applicant's California conviction continued to exist and was not expunged within the meaning of Section 6102 of the Uniform Firearms Act. Because Applicant was convicted of the California equivalent of an enumerated offense which was not expunged, the ALJ denied Applicant's appeal. This matter is now before us for disposition.

4

## II. Issues

On appeal,[2] Applicant argues the ALJ erred in denying his request for relief where: (1) his 2002 criminal charge in California was "set aside," a "plea of not guilty [was] entered," and the "case [was] ordered dismissed"; and, (2) in the absence of a conviction, Applicant could not be prohibited pursuant to 18 Pa. C.S. §6105(a).  Br. of Appellant at 2.

Alternatively, Applicant contends, California Penal Code Section 12020 and Section 908 of the Crimes Code, 18 Pa. C.S. §908 ("Prohibited offensive weapons") are not equivalent; as such, his conviction is not sufficient to establish a disability under 18 Pa. C.S. §6105(a).  As a further alternative, Applicant asserts, Section 908 is unconstitutional based on the Second Amendment to the U.S. Constitution and Article 1, Sections 1 and 21 of the Pennsylvania Constitution.

## III. Discussion
### A. Effect of California Conviction and Subsequent Proceedings
#### 1. Contentions

Applicant first argues that, because his charging in California was set aside, a disposition of not guilty entered, and the charges were dismissed, he cannot be prohibited under Section 6105 of the Unified Firearms Act.  Applicant

---

[2] "On appellate review, we will affirm the decision of an administrative agency unless constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or any finding of fact made by the agency and necessary to support its adjudication is unsupported by substantial evidence."  D'Alessandro v. Pa. State Police, 937 A.2d 404, 409 (Pa. 2007) (citing Section 704 of the Administrative Agency Law (AAL), 2 Pa. C.S. §704; Pa. Game Comm'n v. State Civil Serv. Comm'n (Toth), 747 A.2d 887 (Pa. 2000)).

asserts his California charging and disposition do not meet the definition of a "conviction" in Section 6102 of the Uniform Firearms Act, and this Court's holding in Pennsylvania State Police v. McCaffrey, 816 A.2d 374 (Pa. Cmwlth. 2003).

To that end, Applicant maintains, the PSP admits Applicant was never prohibited under California law from owning and possessing firearms and ammunition. See Reproduced Record (R.R.) at 10a-11a. Thus, McCaffrey controls in light of this Court's statement that "[a] conviction is not considered a 'conviction' for purposes of firearms disability under [a particular state's laws] and, therefore, it is not a 'conviction' for purposes of firearms disability in Pennsylvania." Id. at 377. Because Applicant was never under any prohibition from owning and possessing firearms in California as a result of his 2002 charging, he asserts, he cannot be prohibited in Pennsylvania.

Applicant further argues both the Third Circuit and the Pennsylvania Supreme Court have addressed the result of a conviction being "set aside." The Third Circuit holds the term "set aside" is interchangeable with the term "expunge." United States v. Doe, 980 F.2d 876, 882 (3d Cir. 1992). Similarly, the Pennsylvania Supreme Court holds that when a conviction is set aside, "the slate [is] wiped clean." Commonwealth v. Sattazahn, 763 A.2d 359, 366 (Pa. 2000). Applicant argues that while the PSP previously attempted to assert that the ALJ should not consider Doe or Sattazahn because they did not address California relief orders, the PSP disregarded the decision in Sattazahn, which held that when a conviction is set aside, it is as if it never occurred. Thus, Applicant contends,

6

based on the California court order setting aside his guilty plea, under both federal and state law, as well as this Court's decision in McCaffrey, it is not a conviction.

Applicant further asserts, as to Section 6102 of the Uniform Firearms Act's definition of a conviction, which does not include expungements, the California Supreme Court recently acknowledged that relief under Section 1203.4 of the California Penal Code constitutes expungement of a conviction. See In re Grant, 317 P.3d 612, 618 n.4 (Cal. 2014) (individual who was convicted of an offense could "move to expunge the conviction (§ 1203.4)[.]"). Thus, Applicant maintains, the California Supreme Court indicated that relief under Section 1203.4 of the California Penal Code, which Applicant obtained here, constitutes an expungement.

For these reasons, Applicant maintains, his 2002 California charging is not a conviction for purposes of Section 6105(a) of the Uniform Firearms Act; as such, this Court should reverse the ALJ's decision.

The PSP responds that it denied Applicant's background check based on his California offensive weapons conviction. See Section 12020(a)(1) of the California Penal Code. The PSP argues that while Applicant did, in 2004, avail himself of a commonly used post-conviction relief process in California pursuant to Section 1203.4 of the California Penal Code, this order did not vacate, expunge or otherwise remove the legal fact of Applicant's conviction, and it remains appropriate to use the conviction for purposes of a firearms-related background check. The PSP further contends the proper avenue of relief for Applicant, who

has a Pennsylvania firearms disability, is to pursue the statutorily-provided relief mechanism set forth in 18 Pa. C.S. §6105(d), which allows a common pleas court to afford relief if certain criteria are met.

## 2. Analysis

The Uniform Firearms Act defines "Conviction" as (with emphasis added):

> A conviction, a finding of guilty or the entering of a plea of guilty or nolo contendere, whether or not judgment of sentence has been imposed, <u>as determined by the law of the jurisdiction in which the prosecution was held</u>. The term does not include a conviction which has been <u>expunged</u> or overturned or for which an individual has been pardoned unless the pardon expressly provides that the individual may not possess or transport firearms.

18 Pa. C.S. §6102.

Here, in 2002, Applicant pled guilty to criminal possession of a "billy club" in violation of Section 12020 of the California Penal Code. C.R., Item #1 at 7. In 2004, he filed a motion seeking the early termination of his probation and to set aside his conviction. C.R., Item #1 at 6-8. The Superior Court of California granted Applicant's motion pursuant to Section 1203.4 of the California Penal Code. C.R., Item #1, Ex. 1 at 3. Applicant argues the order granting relief under Section 1203.4 constitutes an expungement of his conviction. We disagree.

Section 1203.4 of the California Penal Code states, in relevant part (with emphasis added):

8

(a)(1) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted …. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.

(2) Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6.

9

California Penal Code §1203.4(a)(1), (2).

As to whether relief under this provision is tantamount to an "expungement," the California Court of Appeal explained (with emphasis added):

> Generally, "'section 1203.4 does not, properly speaking, 'expunge' the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is 'released from all penalties and disabilities resulting from the offense.' The limitations on this relief are numerous and substantial ...."' (People v. Vasquez (2001) 25 Cal.4th 1225, 1230, 108 Cal.Rptr.2d 610, 25 P.3d 1090, quoting [Frawley], 82 Cal.App.4th 784, 791, 98 Cal.Rptr.2d 555.)
>
> These limitations arise from 'a distinction between penalties imposed ... as further punishment for the crime, as to which vacation under ... section 1203.4 generally affords relief, and nonpenal restrictions adopted for the protection of public safety and welfare.' (People v. Vasquez, supra, 25 Cal.4th at p. 1230, 108 Cal.Rptr.2d 610, 25 P.3d 1090.) Thus, California courts have consistently upheld the denial of professional licenses due to a conviction following dismissals under section 1203.4. (Adams v. County of Sacramento (1991) 235 Cal.App.3d 872, 880, 1 Cal.Rptr.2d 138 [discussing cases].) Underlying these decisions is the rationale that while section 1203.4 may operate to free the convicted defendant from penalties and disabilities 'of a criminal or like nature,' it does not 'obliterate the fact that the defendant has been "finally adjudged guilty of a crime"' for purposes of protecting public welfare. (Adams, at pp. 877-881, 1 Cal.Rptr.2d 138, quoting In re Phillips (1941) 17 Cal.2d 55, 61, 109 P.2d 344.)
>
> Moreover, numerous statutes impose continuing liabilities upon persons who have obtained a dismissal pursuant to section 1203.4. ([Frawley], 82 Cal.App.4th at pp. 791-792, 98 Cal.Rptr.2d 555.). Section 1203.4,

10

subdivision (a)(1) itself places several limitations on the relief it offers, including that 'in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.' Other statutes also expressly provide that a dismissal under section 1203.4 does not limit the consequences of a conviction. (E.g., Evid.Code, § 788, subd. (c) [defendant may be impeached with prior conviction, notwithstanding dismissal under § 1203.4]; Veh.Code, § 13555 [dismissal under § 1203.4 does not affect revocation or suspension of driver's license due to conviction]; see [Frawley, at p. 792, 98 Cal.Rptr.2d 555] [discussing statutes and case law].

Gross, 190 Cal. Rptr. 3d at 477.

Similarly, in Frawley, the California Court of Appeal explained:

[W]hile a number of courts have used forms of the word 'expunge' to describe the relief made available by section 1203.4, the statute does not in fact produce such a dramatic result. To expunge means 'to strike out, obliterate … efface completely: Destroy' or 'blot out, erase ... wipe out, ..., annihilate, annul ... put an end to' As used in the criminal law, 'expungement' means the 'eradication of a record of conviction or adjudication upon the fulfillment of prescribed conditions …. It is not simply the lifting of disabilities attendant upon conviction and a restoration of civil rights … It is rather a redefinition of status, a process of erasing the legal event of conviction or adjudication and thereby restoring to the regenerative offender his *status quo ante*.'

Section 1203.4 does not, properly speaking, 'expunge' the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead it provides that, except as elsewhere stated, the defendant is 'released from all penalties and disabilities resulting from the offense.' The limitations on this

11

relief are numerous and substantial, including other statutes declaring that an order under section 1203.4 is ineffectual to avoid specified consequences of a prior conviction. … Furthermore, by the statute's own terms, an order under section 1203.4 'does not relieve' the ex-offender of 'the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office [or] for licensure by any state or local agency ....'

Indeed, section 1203.4 contains a sweeping limitation on the relief it offers, stating that 'in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.' This provision alone precludes any notion that the term 'expungement' accurately describes the relief allowed by the statute. …

Id. at 559-60 (emphasis added) (citations omitted). Thus, although Applicant obtained relief under Section 1203.4 of the California Penal Code, he did not obtain an *expungement* of his California conviction. Gross; Frawley.[3]

---

[3] While Applicant cites the California Supreme Court's passing reference in a footnote in In re Grant, 317 P.3d 612 (Cal. 2014) (disciplinary case involving attorney's disbarment based on felony conviction for possession of child pornography) to Section 1203.4 of the California Penal Code as allowing for a motion to expunge, that footnote actually states, in its entirety:

At oral argument, the parties discussed a hypothetical situation in which a defendant possessed the sexually explicit photo of a minor close to the defendant's age, with whom the defendant had a relationship, and who created and transmitted the image to the defendant. Of course, a prosecutor would retain discretion over whether or not to bring any charges based on such hypothetical facts. Even if charges were brought and the defendant was convicted, however, he or she could petition here for review of a disbarment recommendation. (Cal. Rules of Court, rule 9.13(a).) Moreover, such an individual could petition for a certificate of rehabilitation (§ 4852.01 et seq.), move to expunge the conviction

**(Footnote continued on next page…)**

12

Moreover, McCaffrey, relied on by Applicant, does not alter this result. In McCaffrey, an applicant for a firearms license, who was previously convicted of a felony in New York, subsequently obtained a certificate in New York that specifically relieved him of any disability or bar "re: application for pistol permit, gunsmith license, to possess weapons for hunting." Id. at 375. Ultimately, this Court upheld an ALJ's decision that directed the PSP to amend the applicant's criminal history in order to relieve him of his firearms disability based on the New York certificate. We held that "where the convicting jurisdiction deems the conviction no longer a 'conviction' for purposes of firearms disability, the PSP has no discretion to deem otherwise." Id. at 377.

Unlike McCaffrey, the issue currently under consideration is not whether California deems Applicant's conviction a conviction for purposes of firearms disability; rather, the current issue is whether Applicant's conviction was expunged. Because California courts do not deem a conviction expunged where relief is obtained under Section 1203.4 of the California Penal Code, no error is apparent in the ALJ's reasoning here that Applicant's California conviction was not expunged.

---

**(continued…)**

> (§ 1203.4), and petition to reinstate his or her Bar membership
> (Rules Proc. of State Bar, rule 5.440).

Id. at 618 n.4 (emphasis added). Clearly, the Court's passing statement, made in the context of a hypothetical scenario, is *obiter dictum* given that the statement was not essential to the Court's holding there. Dicta have no precedential value. City of L. Burrell v. City of L. Burrell Wage & Policy Comm., 795 A.2d 432 (Pa. Cmwlth. 2002).

13

In addition, although Applicant references language in <u>Doe</u> and <u>Sattazahn</u>, which indicates that when a conviction is "set aside" it is, in fact, expunged, based on the above-cited authority, Applicant's 2002 California conviction was never expunged; therefore, it is still a conviction for purposes of firearms disability in Pennsylvania. Indeed, neither <u>Doe</u> nor <u>Sattazahn</u> addressed the effects of post-conviction relief under Section 1203.4 of the California Penal Code; rather, <u>Doe</u> addressed a motion for expungement under the former Federal Youth Corrections Act,[4] while <u>Sattazahn</u> involved a situation in which a criminal defendant successfully appealed his initial conviction after trial resulting in a reversal of that conviction.[5]

## B. Section 12020 of the California Penal Code and Section 908 of the Crimes Code

### 1. Contentions

Alternatively, Applicant argues, even if he was convicted under California law, the offense of which he was convicted, a violation of Section 12020 of the California Penal Code, is not equivalent to Section 908 of the Crimes Code and, pursuant to the Supreme Court's decision in <u>Commonwealth v. Shaw</u>, 744 A.2d 739 (Pa. 2000), cannot trigger any firearm disability in Pennsylvania.

The PSP responds that a review of the elements of Applicant's conviction under Section 12020 of the California Penal Code and a review of the

---

[4] *Formerly* 18 U.S.C. §§5005-5026.

[5] Nevertheless, relief may be available to Applicant under Section 6105(d) of the Uniform Firearms Act, 18 Pa. C.S. §6105(d), through an application to the appropriate common pleas court, if certain conditions are met.

14

elements for a conviction under Section 908 of the Crimes Code reveals that the offenses are equivalent. See Freeman v. Pa. State Police, 2 A.3d 1259 (Pa. Cmwlth. 2010).

## 2. Analysis

According to the Uniform Firearms Act,

**(a) Offense defined.—**

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence . . . shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

> \* \* \* \*

**(b) Enumerated offenses.--**The following offenses shall apply to subsection (a):

> Section 908 (relating to prohibited offensive weapons).

> \* \* \* \*

> Any offense equivalent to any of the above-enumerated offenses under the prior laws of this Commonwealth or any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States.

18 Pa. C.S. §6105.

In Freeman, this Court considered whether a firearm applicant's New York conviction for possession of a weapon, a "billy," was equivalent to a

conviction under Section 908 of the Crimes Code.  In analyzing this issue, we explained (with emphasis added):

> Both parties rely on analysis set forth in Shaw, and compare the elements of the crimes, the conduct prohibited, and the underlying public policy behind both laws.  However, the denial of firearm privileges is a civil consequence resulting from criminal conduct.[6]  Thus, although the parties direct our attention to Shaw, the issue before us requires examination in a civil context.  See Chrisman v. Dep't of Transp., Bureau of Driver Licensing, 823 A.2d 1080 (Pa. Cmwlth. 2003) (upholding the denial of an occupational limited license to an individual with an out-of-state conviction for driving under the influence using a civil analysis).
>
> In Chrisman, the term 'equivalent' was not defined in the applicable statutes.  Likewise, it is not defined in the Uniform Firearms Act.  Following Chrisman, the ordinary meaning, "equal in force", is accepted.
>
> To determine the issue of equivalency, the necessary focus is on the elements of the offenses.  Shewack v. Dep't of Transp., Bureau of Driver Licensing, 993 A.2d 916, (Pa. Cmwlth. 2010) (citing Aten v. Dep't of Transp., Bureau of Driver Licensing, 649 A.2d 732 (Pa. Cmwlth. 1994)).  Further, 'it is the offense and not the statute of the other state that must be essentially similar to the offense proscribed in Pennsylvania.' Shewack, 993 A.2d at 919.

Freeman, 2 A.3d at 1262.  Ultimately, this Court held that the firearm applicant's New York conviction for possession of a weapon, a "billy" was the equivalent of a conviction under Section 908 of the Crimes Code for prohibited offensive weapons and, therefore, the firearms applicant was precluded from having firearm privileges

---

[6] Section 6105(a.1) imposes criminal penalties in circumstances not present in the instant case.  18 Pa. C.S. §6105(a.1).

16

under the Uniform Firearms Act, 18 Pa. C.S. §§6105 and 6109.  Id. at 1263.  For the following reasons, we reach the same result here.

According to California law at the time of Applicant's conviction (with emphasis added):

> (a) Any person in this state who does any of the following is punishable by imprisonment in a county jail not exceeding one year or in the state prison:
>
> (1) Manufactures or causes to be manufactured, imports into the state, keeps for sale, or offers or exposes for sale, or who gives, lends, or <u>possesses</u> any cane gun or wallet gun, any undetectable firearm, any firearm which is not immediately recognizable as a firearm, any camouflaging firearm container, any ammunition which contains or consists of any fléchette dart, any bullet containing or carrying an explosive agent, any ballistic knife, any multiburst trigger activator, any nunchaku, any short-barreled shotgun, any short-barreled rifle, any metal knuckles, any belt buckle knife, any leaded cane, any zip gun, any shuriken, any unconventional pistol, any lipstick case knife, any cane sword, any shobi-zue, any air gauge knife, any writing pen knife, any metal military practice handgrenade or metal replica handgrenade, <u>or any instrument or weapon of the kind commonly known as a blackjack</u>, slungshot, <u>billy</u>, sandclub, sap, or sandbag.

*Former* Section 12020(a)(1) of the California Penal Code.

Pursuant to Pennsylvania law, "[a] person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon."  18 Pa. C.S. §908(a).  "Offensive weapons" include:

17

> [a]ny bomb, grenade, machine gun, sawed-off shotgun with a barrel less than 18 inches, firearm specially made or specially adapted for concealment or silent discharge, <u>any blackjack</u>, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, any stun gun, stun baton, taser or other electronic or electric weapon <u>or other implement for the infliction of serious bodily injury which serves no common lawful purpose.</u>

18 Pa. C.S. §908(c) (emphasis added).

The phrase "[n]o common lawful purpose" requires a reasonable, common sense application. <u>Freeman</u>, 2 A.3d at 1262 (citations omitted).

The description of the crime of criminal possession of a weapon, *former* Section 12020(a)(1) of the California Penal Code, simply includes possession and a prohibited weapon. Clearly, a "billy" was included as a prohibited weapon in California. <u>Id.</u> Here, there is no dispute that Applicant pled guilty to criminal possession of a weapon ("billy") under California law. C.R., Item #6, Ex. A at 13. Intent to use a weapon is not an element of the crime of weapon possession. <u>People v. Fannin</u>, 91 Cal. App. 4th 1399 (Cal. Ct. App. 2001) ("Intent to use a weapon is not an element of the crime of weapon possession. Proof of possession alone is sufficient. However, if the object is not a weapon per se, but an instrument with ordinary innocent uses, the prosecution must prove that the object was possessed as a weapon. The only way to meet that burden is by evidence indicating that the possessor would use the object for a dangerous, not harmless, purpose. The evidence may be circumstantial, and may be rebutted by

18

the defendant with evidence of innocent usage.") (citations and internal quotations omitted).

The description of the crime of prohibitive offensive weapons, 18 Pa. C.S. §908, includes possession of an offensive weapon. <u>Freeman</u>. For a conviction under Section 908, mere possession of a prohibitive offensive weapon is sufficient without any proof of intent. <u>Freeman</u>; <u>Commonwealth v. Karlson</u>, <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>as</u> <u>recognized</u> <u>in</u> <u>Commonwealth v. Dantzler</u>, 135 A.3d 1109 (Pa. Super. 2016); <u>Commonwealth v. Gatto</u>, 344 A.2d 566 (Pa. Super. 1975).

The term "billy" is not specifically delineated in the list of prohibited items under 18 Pa. C.S. §908. Therefore, the issue is whether a billy constitutes an implement for the infliction of serious bodily injury that serves no common lawful purpose. "A billy is a stick used to beat somebody." <u>Freeman</u>, 2 A.3d at 1263 (record citation omitted). Indeed, the record reveals Applicant was in possession of a "wood club with tape." C.R., Item #1 at 11. By the definition set forth in the California case of <u>People v. Liscotti</u>, 162 Cal. Rptr. 3d 225 (Cal. App. Ct. 2013), a billy inherently lacks a common lawful purpose. <u>Id.</u> at 227 ("The weapon in this case, a full-size modified baseball bat weighted with lead and wrapped in rope, does not appear to us to fall into the classification of a weapon that would normally be possessed by a law-abiding citizen for a lawful purpose. Instead, it appears to us to be a weapon which, by its very nature, increases the risk of violence in any given situation, is a classic instrument of violence, and has a homemade criminal and improper purpose. Likewise, it appears to be the type of tool that a brawl

19

fighter or a cowardly assassin would resort to using, designed for silent attacks, not a weapon that would commonly be used by a good citizen.") (citation omitted).

The question here is whether the conviction under *former* Section 12020(a)(1) of the California Penal Code is equivalent to a conviction under 18 Pa. C.S. §908. Therefore, it is not necessary to analyze every provision of *former* Section 12020(a)(1) of the California Penal Code. Freeman. Cf. Aten (finding Pennsylvania and West Virginia's offenses for driving without holding a commercial driver's license substantially similar based on essentially similar elements of the offenses despite an exception to avoid conviction in Pennsylvania's provision).

We conclude Applicant's conviction of criminal possession of a weapon, *former* Section 12020(a)(1) of the California Penal Code, for possession of a billy, is equivalent to conviction for prohibited offensive weapons under 18 Pa. C.S. §908. Freeman. Thus, Applicant is precluded from having firearm privileges under the Uniform Firearms Act, 18 Pa. C.S. §§6105 and 6109. Id.

### C. Section 908 of the Crimes Code
### 1. Contentions

As a further alternative, Applicant argues that if his California criminal charging constitutes a conviction, and if former Section 12020 of the California Penal Code Section is deemed equivalent to Section 908 of the Crimes Code, and if a "billy" is considered a prohibited offensive weapon under Section 908, Section 908 should be deemed unconstitutional. More specifically, citing cases from other jurisdictions, Applicant asserts a "billy" is entitled to protection

20

under the right to keep and bear arms set forth in the Second Amendment to the U.S. Constitution and Article 1, Sections 1 and 21 of the Pennsylvania Constitution. Thus, Applicant maintains, to the extent this Court holds that a "billy" is a prohibited offensive weapon under Section 908 of the Crimes Code, that Section should be deemed unconstitutional as it infringes on the right to bear arms in defense of one's self.

The PSP responds that Applicant's constitutional challenge to 18 Pa. C.S. §908 lacks merit for several reasons. First and foremost, the PSP asserts, Applicant raises a significant constitutional issue for the first time on appeal; therefore, the issue is waived. See 2 Pa. C.S. §703; see also Pa. R.A.P. 1551(a); Pa. State Police, Bureau of Liquor Control Enforcement v. Wilner, 687 A.2d 1216, 1218 (Pa. Cmwlth. 1997); B.E. v. Dep't of Pub. Welfare, 654 A.2d 290 (Pa. Cmwlth. 1995). Alternatively, the PSP contends, Applicant's presentation of this significant claim is undeveloped and should also be deemed waived on this basis. In any event, the PSP maintains, Applicant's assertions on this point are incapable of meeting his heavy burden of establishing that the challenged statutory enactment is unconstitutional. See Peake v. Commonwealth, 132 A.3d 506 (Pa. Cmwlth. 2015); J.C.B. v. Pa. State Police, 35 A.3d 792 (Pa. Super. 2012). Finally, the PSP asserts, even if not waived, Applicant's claim lacks merit because a "billy" or "billy club" is not the type of weapon that is subject to constitutional protection.

## 2. Analysis

At the outset, Applicant did not raise any issue regarding the constitutionality of Section 908 of the Crimes Code in his petition for review to this Court. C.R., Item #11. Pennsylvania Rule of Appellate Procedure 1513(d)

21

("Petition for Review"), states, "An appellate jurisdiction petition for review <u>shall contain</u> … <u>a general statement of the objections to the order or other determination</u>, but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record[.]" <u>Id.</u> (emphasis added). As explained more fully below, Applicant did not raise a constitutional challenge to Section 908 of the Crimes Code before the ALJ here; as such, this Court is unable to address the issue based on the certified record. Therefore, this issue is waived. <u>Chesson v. Pa. Bd. of Prob. & Parole</u>, 47 A.3d 875 (Pa. Cmwlth. 2012).

Further, "[Pennsylvania] courts have refused to permit the raising of constitutional issues for the first time on appeal." 20 WEST'S PENNSYLVANIA APPELLATE PRACTICE §302:31 (2016-17 ed.) (footnote and citations omitted). "In the administrative agency context, however, a facial challenge to the constitutionality of the agency's organic statute may not be addressed by the agency, and thus may be raised for the first time on appeal; in contrast, a challenge to the constitutionality of a statute as applied must be raised before the agency in the first instance." <u>Id.</u> (citing <u>Lehman v. Pa. State Police</u>, 839 A.2d 265 (Pa. 2003)).

Here, as the PSP correctly notes, before the ALJ, Applicant did not raise or otherwise clearly develop his current argument that if Section 908 of the Crimes Code includes a "billy" as a prohibited offensive weapon, it is unconstitutional. Indeed, Applicant does not dispute that he did not raise this issue before the agency. Thus, Applicant did not develop a record in support of his

22

current constitutional attack. Further, while Applicant claims he was not required to raise this issue below, to the extent he raises an "as-applied" challenge to Section 908 of the Crimes Code, that issue is waived for failing to raise it below. Lehman; 20 WEST'S PENNSYLVANIA APPELLATE PRACTICE §302:31 (2016-17 ed.).

In addition, Applicant does not raise a facial challenge to the agency's organic statute, *i.e.*, the Uniform Firearms Act.

Moreover, to the extent Applicant raises a facial challenge to Section 908 of the Crimes Code, "a facial challenge must fail where the statute has a plainly legitimate sweep." Commonwealth v. Barnett, 50 A.3d 176, 197 (Pa. Super. 2012) (citations and internal quotation marks omitted) (quoting Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442 (2008)); see also Peake. By way of further explanation, the Pennsylvania Supreme Court stated:

> [U]nder the 'plainly legitimate sweep' standard, a statute is only facially invalid when its invalid applications are so real and substantial that they outweigh the statute's 'plainly legitimate sweep.' Stated differently, a statute is facially invalid when its constitutional deficiency is so evident that proof of actual unconstitutional applications is unnecessary. For this reason (as well as others), facial challenges are generally disfavored. See [Washington State Grange, 552 U.S. at 450] ('Facial challenges are disfavored for several reasons. Claims of facial invalidity often rest on speculation. As a consequence, they raise the risk of 'premature interpretation of statutes on the basis of factually barebones records.') (quoting [Sabri v. United States, 541 U.S. 600, 609] (2004)).

Clifton v. Allegheny Cnty., 969 A.2d at 1197, 1223 n. 37 (Pa. 2009).

23

Here, Applicant's brief does not clearly explain how Section 908 of the Crimes Code fails the "plainly legitimate sweep" test. Indeed, Applicant does not even acknowledge that the "plainly legitimate sweep" test is the proper standard by which to analyze a facial constitutional challenge. Peake; Barnett. Thus, Applicant does not properly develop a facial challenge to Section 908 of the Crimes Code. Barnett.

For all the foregoing reasons, we affirm.[7]

---

[7] In addition, we reject Applicant's request for attorney fees pursuant to Section 9183(b) of the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §9183(b). Section 9183 of CHRIA, entitled "Civil actions," states:

> **(a) Injunctions.--**The Attorney General or any other individual or agency may institute an action in a court of proper jurisdiction against any person, agency or organization to enjoin any criminal justice agency, noncriminal justice agency, organization or individual violating the provisions of this chapter or to compel such agency, organization or person to comply with the provisions of this chapter.
>
> **(b) Action for damages.--**
>
> > (1) Any person aggrieved by a violation of the provisions of this chapter or of the rules and regulations promulgated under this chapter, shall have the substantive right to bring an action for damages by reason of such violation in a court of competent jurisdiction.
> >
> > (2) A person found by the court to have been aggrieved by a violation of this chapter or the rules or regulations promulgated under this chapter, shall be entitled to actual and real damages of not less than $100 for each violation and to reasonable costs of litigation and attorney's fees. Exemplary and punitive damages of not less than $1,000 nor more than $10,000 shall be imposed for any violation of this chapter, or the rules or regulations adopted under this chapter, found to be willful.

**(Footnote continued on next page…)**



ROBERT SIMPSON, Judge

---

**(continued…)**

Id.  Thus, "CHRIA provides for the possibility of actual and real damages, and reasonable costs of litigation and counsel fees, where a person was found to have been aggrieved by a violation of CHRIA."  Hunt v. Pa. State Police, 983 A.2d 627, 639 (Pa. 2009).

In addition to the fact that the applicability of Section 9183 of CHRIA is unclear here, no violation of CHRIA was shown.  Thus, Applicant is not entitled to an award of attorney fees under Section 9183(b) of CHRIA.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David L. Bacon, :
               Petitioner :
                :
         v. : No. 1568 C.D. 2016
                :
Pennsylvania State Police, :
             Respondent :

# **O R D E R**

**AND NOW**, this 13th day of June, 2017, the order of the Administrative Law Judge, Office of Attorney General, dated August 26, 2016 is **AFFIRMED**.

 

                                    _____

                                      ROBERT SIMPSON, Judge