**PENNSYLVANIA STATE POLICE, Petitioner,**

**v.**

**John H. McCAFFREY, Jr., Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 2002.

Decided Feb. 5, 2003.

Daniel R.L. McGuire, Harrisburg, for petitioner.

John H. McCaffrey, Jr., respondent, pro se.

BEFORE: FRIEDMAN, Judge, LEADBETTER, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEADBETTER.

The Pennsylvania State Police (PSP) petition for review of the decision by the Office of Attorney General (OAG) directing the PSP to amend John H. McCaffrey Jr.'s criminal history record in order to afford McCaffrey relief from firearms disability. The OAG held that the order of the New York trial court, which relieved John McCaffrey of the firearms disability that resulted from his New York conviction, relieved McCaffrey of his disability from obtaining a gun license pursuant to Section 6109(e)(1)(viii) of the Uniform Firearms Act (UFA), 18 Pa.C.S. § 6109(e)(1)(viii). We affirm.

In 1985, the Dutchess County Court of New York convicted McCaffrey of tampering with physical evidence, in violation of New York Penal Law Section 215.40, which is a felony punishable by up to four years imprisonment.[1] Following conviction, the New York court sentenced McCaffrey to five years probation and,

after slightly more than two years, the court granted him early release from supervision based on the recommendation of his probation officer.

On December 4, 1985, the New York court issued a certificate relieving McCaffrey of disabilities resulting from his conviction. The certificate states:

This certificate shall relieve the holder of the forfeiture, disabilities or bars hereinafter enumerated 1–Remove any bars to employment, particularly as a bartender, for bonding or in security field, and 2–All bars re: application for pistol permit, gunsmith license, to possess weapons for hunting.

R.R. at 63a. Pursuant to this certificate, New York State, Dutchess County licenses McCaffrey to carry a pistol. In 1991, McCaffrey obtained a license to carry a gun from the Sheriff of Bucks County, Pennsylvania. After the license issued in Bucks County expired in 1996, McCaffrey sought and obtained a license from the Sheriff of Pike County, Pennsylvania. In 2001, McCaffrey applied to renew the license issued in Pike County. The sheriff denied McCaffrey's application based on the PSP's report of McCaffrey's conviction in 1985. The PSP determined that McCaffrey's conviction for a felony punishable for up to four years disables him under 18 Pa.C.S. § 6109(e) from obtaining a license and the New York certificate of relief from disability does not relieve this Pennsylvania disability. McCaffrey challenged the basis for the denial and the PSP confirmed its report. McCaffrey appealed to the OAG, which assigned an administrative

---

1. In the letter by McCaffrey's probation officer recommending McCaffrey for employment, the officer stated:

The circumstances that led to Mr. McCaffrey's conviction involved the movement of evidence from one room to another during the course of a narcotics raid, while he was

employed as a police officer with the City of Poughkeepsie Police Department.... It should be further noted that Mr. McCaffrey's conviction was not a result of personal gain, but a poor decision....

R.R. at 66a–67a.

law judge (ALJ). Following a hearing, the ALJ sustained McCaffrey's challenge and ruled that the New York certificate of relief from disabilities sufficed to relieve firearms disability in Pennsylvania. The ALJ directed the PSP to amend McCaffrey's criminal history record accordingly. Subsequently, the PSP filed the present appeal.

On appeal the PSP argues that McCaffrey is barred from obtaining a license by the prohibition in 18 Pa.C.S. § 6109(e)(1)(viii), which states, in pertinent part, that:

A license shall not be issued to any of the following:

. . . .

(viii) An individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year except as provided for in section 6123 (relating to waiver of disability or pardons).

18 Pa.C.S. § 6109(e)(1)(viii). The PSP further contends that the New York certificate of relief from disabilities does not relieve the disability because it does not satisfy the criteria in Section 6123, which states:

A waiver of disability from Federal authorities as provided for in 18 U.S.C. § 925 (relating to exceptions; relief from disabilities), a full pardon from the Governor or an overturning of a conviction shall remove any corresponding disability under this subchapter except the disability under section 6105 (relating to

persons not to possess, use, manufacture, control, sell or transfer firearms). 18 Pa.C.S. § 6123. We conclude that the prohibition in Section 6109(e)(1)(viii) does not apply to McCaffrey because under New York law the 1985 conviction is no longer deemed a "conviction" within the meaning of any provision imposing a disability against obtaining a license to carry a firearm. *See* New York Correction Law § 701(2). *See also Pennsylvania State Police v. Viall,* 774 A.2d 1288, 1291 (Pa. Cmwlth.2001).

The New York court issued the certificate of relief from disabilities pursuant to the authorization provided in Section 701 of the New York Correction Law, which provides that a certificate may be granted to relieve an eligible offender of any disability that is automatically imposed by reason of a felony conviction. See New York Correction Law § 701(1).[2] Section 701 of the Correction Law further establishes the effect of a certificate, stating in pertinent part as follows:

Notwithstanding any other provision of law, [except a specified provision of the public health law and the vehicle and traffic law], a conviction of a crime or of an offense specified in a certificate of relief from disabilities shall not cause automatic forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election, or automatic forfeiture of any other right or privilege, held by the eligible offender and covered by the certificate. *Nor shall such conviction be*

---

**2.** Section 701(1) of the New York Correction Law provides:

A certificate of relief from disabilities may be granted as provided in this article to relieve an eligible offender of any forfeiture or disability, or to remove any bar to his employment, automatically imposed by law by reason of his conviction of the crime or of the offense specified therein. Such

certificate may be limited to one or more enumerated forfeitures, disabilities or bars, or may relieve the eligible offender of all forfeitures, disabilities and bars. Provided, however, that no such certificate shall apply, or be construed so as to apply, to the right of such person to retain or to be eligible for public office.

*deemed to be a conviction* within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate....

New York Correction Law § 701(2) (emphasis added). The Pennsylvania Uniform Firearms Act defines "conviction" as "[a] conviction, a finding of guilt or the entering of a plea of guilty or nolo contendre, whether or not judgment of sentence has been imposed, *as determined by the law of the jurisdiction in which the prosecution was held*." 18 Pa.C.S. § 6102 (emphasis added). As a result of the New York certificate, McCaffrey's 1985 conviction is not considered a "conviction" for purposes of firearms disability under New York law and, therefore, it is not a "conviction" for purposes of firearms disability in Pennsylvania. Neither the ownership/possession disability under 18 Pa.C.S. § 6105 nor the prohibition against obtaining a license under 18 Pa.C.S. § 6109 apply to McCaffrey.

This is not to say that by virtue of the New York certificate McCaffrey is entitled to a gun license in Pennsylvania. As we explained recently in *Pennsylvania State Police v. Stein,* 799 A.2d 185 (Pa.Cmwlth. 2002):

> The issuance or denial of a license under Section 6109 is a decision made by the local sheriff based not only on an investigation of the applicant's criminal record history, but also takes into consideration the applicant's character, reputation and the stated reasons for obtaining the license. See 18 Pa.C.S. § 6109. The sheriff's decision is an adjudication by a local agency that is appealable to the court of common pleas under 2 Pa.C.S. § 754. See 18 Pa.C.S. § 6114.

*Id.* at 187. The present appeal determines only the validity of the report made and the record maintained by the PSP. In that regard, we hold that where the convicting jurisdiction deems the conviction no longer a "conviction" for purposes of firearms disability, the PSP has no discretion to deem otherwise. For this reason, the ALJ properly directed the PSP to amend its records.

Accordingly, we affirm.

### ORDER

AND NOW, this 5th day of February, 2003, the order of the Administrative Law Judge for the Office of Attorney General in the above captioned matter is hereby AFFIRMED.