IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,          :
                                     :
                 Petitioner   :
                                     :
             v.               :  No. 1026 C.D. 2018
                                   :  Argued: April 11, 2019
                                   :
Michael Sama,               :
                                     :
             Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge (P)
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY JUDGE WOJCIK              FILED:  May 21, 2019

The Pennsylvania State Police (PSP) petitions for review from a final order of the Office of Attorney General (OAG), which granted Michael Sama (Sama) relief from PSP's denial of his application for a license to carry a firearm based on a disqualifying conviction. PSP contends that OAG erred when it ordered PSP to amend its database to reflect that Sama was not prohibited from carrying or possessing firearms, based solely on a Delaware pardon for his prior narcotics conviction, when the Pennsylvania Uniform Firearms Act of 1995 (UFA)[1] requires an order from the court of common pleas relieving the firearms disability, in addition to the pardon. We are also presented with Sama's request for attorney fees and costs. Upon review, we affirm OAG's order and deny, without prejudice, Sama's request for attorney fees and costs.

---

[1] 18 Pa. C.S. §6101-6187.

## I. Background

In June 2017, Sama submitted an application for a license to carry a firearm. PSP denied the application when a Pennsylvania Instant Check System (PICS) report indicated that Sama had a disqualifying conviction. Sama challenged the denial. By letter dated August 23, 2017, PSP notified Sama that the denial was confirmed pursuant to Section 6109(e) of UFA, 18 Pa. C.S. §6109(e), based on the disqualifying conviction for a 1998 delivery of a narcotic substance.

From this decision, Sama timely filed an appeal with OAG, pursuant to Section 6111.1(e) of UFA, 18 Pa. C.S. §6111.1(e). An administrative law judge (ALJ) of OAG held a hearing on January 8, 2018. The parties stipulated to two PSP exhibits (PICS Challenge Packet and Superior Court Criminal Docket) and to the following facts. Sama was convicted on April 27, 1998 in Delaware of delivery of a narcotic schedule II controlled substance. Sama received a pardon from the then-Governor of Delaware on August 11, 2014.

The ALJ determined that Sama was convicted under a Delaware statute, which is equivalent to an offense under The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[2] Had Sama not been pardoned, he would not be able to possess a firearm pursuant to Section 6105(c)(2) of UFA and would not be able to obtain a license to carry a firearm pursuant to Section 6109(e)(1)(iii), (viii) of UFA. However, as the parties stipulated, the then-Governor of Delaware pardoned Sama on August 11, 2014.

The ALJ opined that, under Delaware law, a pardon removes all legal punishments and disabilities attached to a conviction. Thus, under Delaware law, an unconditional pardon restores the right to possess firearms and hold a license to carry. Further, the ALJ determined that this Court's reasoning in *Pennsylvania State*

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 – 780-144.

*Police v. McCaffrey*, 816 A.2d 374 (Pa. Cmwlth.), *appeal denied*, 833 A.2d 145 (Pa. 2003), is dispositive of the issue. Accordingly, the ALJ granted Sama the relief requested and ordered PSP to amend the PICS database within 30 days so as to remove, as it pertains to Sama, the disability imposed by Sections 6105(c)(2) and 6109(e) of UFA. From this decision, PSP timely petitioned for review with this Court.[3]

## II. Issues

PSP contends the ALJ committed an error of law when it ordered PSP to amend its database to reflect that Sama was not prohibited from possessing or carrying firearms, based solely on a Delaware pardon for his prior narcotics conviction. According to PSP, UFA requires an order from the court of common pleas relieving the firearms disability, in addition to the pardon.

Sama counters that, because his Delaware offense was fully pardoned, he was no longer "convicted," as defined by Section 6102 of UFA, of an offense, and, therefore, the ALJ's determination must be affirmed. Sama requests attorney fees pursuant to Section 9183(b) of the Criminal History Records Information Act (CHRIA), 18 Pa. C.S. §9183(b); 18 U.S.C. §925a; and *Haron v. Pennsylvania State Police*, 171 A.3d 344 (Pa. Cmwlth. 2017), *aff'd without opinion*, 188 A.3d 1121 (Pa. 2018).

---

[3] When reviewing an order of OAG, this Court's scope of review is "limited to determining whether necessary findings are supported by substantial evidence, [whether] an error of law was committed or whether constitutional rights were violated." *Freeman v. Pennsylvania State Police*, 2 A.3d 1259, 1260 n.2 (Pa. Cmwlth. 2010). Questions of law are reviewed de novo. *See In re: Nancy White Vencil*, 152 A.3d 235, 241 (Pa. 2017).

## III. Discussion
## A. Firearm Disability

PSP contends that the ALJ erred by ordering PSP to amend its database to reflect that Sama was not prohibited from possessing firearms. Sama was convicted of a narcotics offense in the state of Delaware, for which he was later pardoned by the then-Governor of Delaware. PSP maintains that Sama's felony narcotics conviction resulted in a prohibition from possessing firearms under Section 6105(c)(2) of UFA, as well as a prohibition from being issued a license to carry under 6109(e)(1). Even though Sama received a full pardon for his offense, PSP argues that Section 6123 of UFA makes it clear that a pardon, in and of itself, does not lift a firearm disability. Rather, relief is also required under Section 6105(d)(2), which provides for relief from the court of common pleas from such a prohibition if one has received a full pardon. The decision of the ALJ that the pardon alone removes all disabilities under UFA is contrary to the rules of statutory construction because it effectively renders Sections 6105(d)(2) and 6123 of UFA mere surplusage by failing to give all parts of the law full effect. PSP claims that only its interpretation gives full effect to all parts of the statute and is logically consistent.

Section 6109(e)(1) of UFA, governing the issuance of a firearm license, provides:

> (e) Issuance of license.—
>
> (1) A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after an investigation not to exceed 45 days, it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license shall not be issued to any of the following:
>
> * * *

4

(iii) An individual convicted of a crime enumerated in section 6105.

\* \* \*

(viii) An individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year except as provided for in section 6123 (relating to waiver of disability or pardons).

18 Pa. C.S. §6109(e)(1)(iii), (viii).

Section 6105(c)(2) of UFA provides that "[a] person who has been convicted of an offense" under the Drug Act or any equivalent statute of any other state that may be punishable by a term of imprisonment exceeding two years, "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa. C.S. §6105(c)(2).

Section 6105(d) creates an exemption to the prohibition to possess a firearm. 18 Pa. C.S. §6105(d). "A person who has been convicted of a crime" under subsection (c)(2), "may make application to the court of common pleas of the county where the principal residence of the applicant is situated for relief from disability imposed by this section upon the possession, transfer or control of a firearm" if the "conviction has been the subject of a full pardon by the Governor." 18 Pa. C.S. §6105(d).

Section 6102 of UFA defines "conviction" as:

A conviction, a finding of guilty or the entering of a plea of guilty or nolo contendere, whether or not judgment of sentence has been imposed, *as determined by the law of the jurisdiction in which the prosecution was held. The term does not include a conviction* which has been expunged or overturned or *for which an individual has*

5

*been pardoned unless the pardon expressly provides that the individual may not possess or transport firearms.*

18 Pa. C.S. §6102 (emphasis added).  Section 6102 provides that words and phrases as defined shall apply to UFA "unless the context clearly indicates otherwise."  *Id.*

Finally, Section 6123 of UFA provides:

A waiver of disability from Federal authorities as provided for in 18 U.S.C. § 925 (relating to exceptions; relief from disabilities), *a full pardon from the Governor or an overturning of a conviction shall remove any corresponding disability under this subchapter except the disability under section 6105* (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).

18 Pa. C.S. §6123.

The parties present differing interpretations of the statutes.  PSP argues that Sama remains "[a] person who has been convicted" of a disabling offense under UFA even though his "conviction has been the subject of a full pardon by the Governor." 18 Pa. C.S. §6105(d).  Therefore, PSP asserts that, pursuant to Sections 6105(d) and 6123 of UFA, in order for Sama to obtain relief from the prohibition to possess, transfer or control a firearm, he must "make an application to the court of common pleas . . . ."

Conversely, Sama maintains that, because he received a full pardon from the Governor, with no prohibition on his ability to possess or transport firearms, he is not a person "convicted of a crime" for purposes of Section 6105(d), and his pardoned "conviction" no longer constitutes a disabling offense under UFA. Therefore, he is not required to "make an application to the court of common pleas . . . " in order to have the disability removed.

6

When interpreting a statute, we turn to the Statutory Construction Act of 1972 (Statutory Construction Act)[4] for guidance. *Bayada Nurses, Inc. v. Department of Labor and Industry*, 958 A.2d 1050, 1055 (Pa. Cmwlth. 2008), *aff'd*, 8 A.3d 866 (Pa. 2010). The object of statutory construction is to ascertain and effectuate legislative intent. Section 1921(a) of the Statutory Construction Act, 1 Pa. C.S. §1921(a); *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 186 A.3d 947, 954 (Pa. 2018). In pursuing that end, we are mindful that a statute's plain language generally provides the best indication of legislative intent. *Id.*; *see Commonwealth v. McClintic*, 909 A.2d 1241, 1243 (Pa. 2006). Thus, statutory construction begins with examination of the text itself. *Southeastern Pennsylvania Transportation Authority v. Holmes*, 835 A.2d 851, 856 (Pa. Cmwlth.), *appeal denied*, 848 A.2d 930 (Pa. 2003).

"[W]e are instructed to give the statute its obvious meaning whenever the language is clear and unambiguous." *Whitmoyer*, 186 A.3d at 954 (citing 1 Pa. C.S. §1921(b)). "To that end, we will construe words and phrases according to their common and approved usage." *Id.* (citing Section 1903 of the Statutory Construction Act, 1 Pa. C.S. §1903(a)). "Further, every statute shall be construed, if possible, to give effect to all its provisions so that no provision is 'mere surplusage.'" *Id.* (citing 1 Pa. C.S. §1921(a)); *Malt Beverage Distributors Association v. Pennsylvania Liquor Control Board*, 918 A.2d 171, 175-76 (Pa. Cmwlth. 2007), *aff'd*, 974 A.2d 1144 (Pa. 2009). "In addition, in determining whether language is clear and unambiguous, we must assess it in the context of the overall statutory scheme, construing all sections with reference to each other, not simply examining language in isolation." *Whitmoyer*, 186 A.3d at 954.

---

[4] 1 Pa. C.S. §§1501-1991.

If the language is clear and unambiguous, it must be applied. *See id.*; 1 Pa. C.S. §1921(b). If, however, the language is "not explicit" or ambiguous, we may look to considerations beyond the text such as the occasion and necessity for the statute, the mischief to be remedied, the former law, including other statutes upon the same or similar subjects, and the consequences of a particular interpretation. 1 Pa. C.S. §1921(c); *see Whitmoyer*, 186 A.3d at 954. Moreover, we are to assume the General Assembly did not intend a result that is "absurd, impossible of execution or unreasonable." Section 1922(1) of the Statutory Construction Act, 1 Pa. C.S. §1922(1).

In *McCaffrey*, 816 A.2d at 376, we examined the term "conviction" under UFA in a similar situation. There, after a New York court issued a certificate relieving the petitioner from disabilities resulting from his conviction, the petitioner petitioned to renew his license to carry a gun in Pennsylvania. The sheriff denied the application and PSP affirmed. The petitioner appealed and the ALJ ruled that the New York certificate relieved the petitioner of firearms disability in Pennsylvania and directed PSP to amend the petitioner's criminal history to afford him relief from firearms disability. PSP appealed. PSP similarly argued that the petitioner was barred from obtaining a license by the prohibition contained in Section 6109(e)(1)(viii) of UFA having been convicted of a disabling crime and the New York certificate did not satisfy the criteria of Section 6123 of UFA. We disagreed. We determined that, as a result of the New York certificate, the petitioner's conviction was not considered a "conviction" for purposes of firearms disability under New York law and, therefore it was not a "conviction" for purposes of firearms disability in Pennsylvania. *McCaffrey*, 816 A.2d at 376. Neither the ownership/possession disability under 18 Pa. C.S. §6105 nor the prohibition against

8

obtaining a license to carry under 18 Pa. C.S. §6109 applied. *Id.* We held that *"where the convicting jurisdiction deems the conviction no longer a 'conviction' for purposes of firearms disability, the PSP has no discretion to deem otherwise."* *Id.* (emphasis added).

Here, although Sama was convicted of a disabling offense in the State of Delaware, Sama received a full gubernatorial pardon without any restrictions on his ability to possess or carry firearms. As a result of that pardon, Sama's conviction was no longer considered a "conviction" for purposes of firearms disability under Delaware law or Pennsylvania law. In other words, his full pardon excluded his offense from UFA's definition of "conviction." As in *McCaffrey*, the firearm disabilities contained in Sections 6105 and 6109 no longer apply.

As for PSP's argument that this interpretation renders Section 6105(d)(2) meaningless or mere surplusage, we disagree. Section 6105(d)(2) directs a person who has been convicted of a crime *or* a person whose conduct meets certain criteria, such as a fugitive from justice, an illegal alien, or person adjudicated delinquent, may seek relief from disability by filing an application with the court of common pleas. Section 6105(d)(2) would continue to apply to persons whose conduct meets the specified criteria, but whose conviction has been the subject of a full pardon.

**B. Attorney Fees**

Next, we examine Sama's request for attorney fees in this matter. Section 9183 of CHRIA, 18 Pa. C.S. §9183, creates a substantive right to bring an action for damages and reasonable costs of litigation where a person is found to have been aggrieved by a violation of CHRIA by maintaining a false record. *Hunt v. Pennsylvania State Police of Commonwealth*, 983 A.2d 627, 639 (Pa. 2009); *Haron*,

9

171 A.3d at 353. Such an action for damages must be instituted in a court of proper jurisdiction. *See* 18 Pa. C.S. §9183; *see also Hunt*; *Haron*.

In *Hunt*, the petitioner filed an action against PSP for violations of CHRIA's expungement provisions. This Court issued a decision in his favor, but denied his request for actual and punitive damages. On appeal, the Pennsylvania Supreme Court held that "CHRIA provides for the possibility of actual and real damages, and reasonable costs of litigation and counsel fees, where a person was found to have been aggrieved by a violation of CHRIA." 983 A.2d at 639. The Supreme Court reversed on this basis and remanded the matter to this Court to determine whether the petitioner was "aggrieved" by the actions of PSP.[5] *Id.*

In *Haron*, the petitioner filed a petition for review and an application for summary relief in this Court against PSP regarding the maintenance of an incorrect criminal history record under CHRIA. This Court concluded that PSP maintained an incorrect criminal history record with respect to the petitioner in violation of Section 9111 of CHRIA, 18 Pa. C.S. §9111, which resulted in the wrongful denial of his constitutional right to purchase a firearm for a period of several months and required him to ultimately obtain counsel to correct. We held that "the maintenance of incorrect criminal records resulting in an unwarranted denial of a constitutional right to purchase a firearm constitutes 'aggrievement.'" *Haron*, 171 A.3d at 354. Because the petitioner was aggrieved, he was entitled to recover reasonable costs of litigation and attorney fees, which we awarded. *Id.*

Here, Sama seeks reasonable costs of litigation and attorney fees in connection with his request for administrative relief from OAG under Section 6111.1(e) of UFA, 18 Pa. C.S. §6111.1(e). However, "the only relief available

---

[5] On remand, the parties reached a settlement and this matter was discontinued. *See Hunt v. Pennsylvania State Police* (Pa. Cmwlth., No. 48 M.D. 2007, filed January 12, 2010).

under the UFA appears to be correction of an individual's criminal history records, whereas CHRIA provides other potential relief in the nature of an injunction and/or damages." *Haron*, 171 A.3d at 352. The proper procedure to seek relief under Section 9183 of CHRIA for costs of litigation and counsel fees based on an aggrievement claim is to file a civil action in this Court's original jurisdiction. *See Hunt*; *Haron*. Sama's initial choice to proceed under UFA does not foreclose any potential relief under CHRIA. *Haron*, 171 A.3d at 352. For this reason, we deny Sama's request for costs and attorney fees without prejudice.

## IV. Conclusion

Accordingly, we affirm the order of OAG. We deny Sama's request for costs and attorney fees without prejudice.

_____
MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,        :
:
              Petitioner   :
:
          v.         : No. 1026 C.D. 2018
:
:
Michael Sama,           :
:
           Respondent :

# O R D E R

AND NOW, this 21st day of May, 2019, the final order of the Office of Attorney General, dated June 27, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge