# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania State Police, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 709 C.D. 2023 |
| | : | ARGUED: May 7, 2024 |
| Amanda Jo Reese, | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  July 16, 2024**

The Pennsylvania State Police (PSP) petitions for review from the order of the Administrative Law Judge (ALJ) of the Pennsylvania Office of Attorney General determining that Amanda Jo Reese is not prohibited from obtaining a license to carry a firearm under Section 6109(e) of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa.C.S. § 6109(e).  We affirm.

The facts of the matter are not disputed.  In 1996, Reese was convicted of a drug possession charge in Arizona, an offense then punishable by up to 2.5 years incarceration.[1]    Reese    availed    herself    of    Arizona's    post-conviction    relief

---

[1] The Arizona conviction was for the then-current version of Section 3407.A.1 of the Arizona Criminal Code, Possession of Dangerous Drugs, defined as knowingly "possessing or using a dangerous drug," a Class 4 felony, Ariz. Rev. Stat. § 13-3407.A.1 (1996).  At the time of the conviction, possession of a dangerous drug was a Class 4 felony punishable by up to 2.5 years
**(Footnote continued on next page…)**

mechanisms for setting aside judgment in a criminal case and restoring civil rights to carry firearms. The Arizona Superior Court for Mohave County issued an order in 2005 that effectuated the "setting aside the judgment of guilt" (set aside) for the drug possession conviction, "dismissing the accusation or information, and releasing [Reese] from all penalties and disabilities resulting from the conviction." [Order (Super. Ct. of Ariz., Mohave Cnty., Docket No. CR-96-876, filed March 17, 2005), Reproduced R. "R.R." at 29a.] A 2012 order by the Arizona court directed that Reese's "[a]pplication to [r]estore [c]ivil [r]ights to [c]arry a [f]irearm" (firearms rights restoration) was granted.[2] [Order (Super. Ct. of Ariz., Mohave Cnty., Docket Nos. CR-96-876, filed Oct. 23 2012), R.R. at 30a.] The record in this case contains no other information or records concerning the set aside or the firearms rights restoration.

In April 2021, Reese, now in Pennsylvania, applied at the Blair County Sheriff's Department for a license to carry a firearm and failed the required PSP background check, pursuant to Section 6109(e)(1)(viii) of the Act, 18 Pa.C.S. §

---

incarceration for a first offense. Section 13-701.C.3 of the Arizona Criminal Code, Ariz. Rev. Stat. § 13-701.C.3 (1996).

Aside from the orders at issue in this case, there is little in the record evidencing the underlying conviction beyond a notation by the Federal Bureau of Investigation, Criminal Justice Information Services Division, of an arrest resulting in a charge of "Dangerous Drugs" on August 28, 1996 and the indication "guilty" (PSP Ex. B at 8, Reproduced R. "Reproduced R." at 70a). Nevertheless, there is no dispute about the nature of the underlying conviction.

The record indicates that Reese was convicted on other occasions for possession of drug paraphernalia, which is not claimed as a ground for denial of the application for a license to carry.

[2] The record contains three set aside orders and three orders restoring firearm rights. It appears that only the ones docketed by the Superior Court of Arizona, Mohave County at CR-96-876 relate to the guilty plea for possession of dangerous drugs. The others relate to convictions not at issue here. (*See* R.R. at 32a-33a and 35a-36a.)

6109(e)(1)(viii). After Reese submitted an administrative challenge requesting review, PSP upheld the denial. Reese filed a timely appeal for a hearing before an ALJ of the Office of Attorney General. An evidentiary hearing was conducted by the ALJ, at which documentary exhibits—and no testimony—were presented.

After the hearing, the ALJ granted Reese's appeal. The filing of the ALJ, entitled "ORDER," took the form of a brief paragraph stating that PSP had not proven by a preponderance of the evidence that Reese is prohibited from obtaining a license to carry and ordering that relief from the determination of PSP be granted. This text was annotated by two lengthy footnotes, comprising more than a page of smaller text explaining the ALJ's determination that the Arizona conviction was not a "firearm prohibitor" under Pennsylvania or Arizona law; ruling that an earlier decision in 2017 of the Office of Attorney General did not control; and stating that if PSP filed a petition for review with this Court, the ALJ would file "a more formal and detailed statement of [his] reasons for this determination in compliance with [Pennsylvania Rule of Appellate Procedure 1925(a),] Pa. R.A.P. 1925(a)."[3] (ALJ Order at 1-3, n.1-3.) The instant petition for review ensued.

On appeal, two issues are presented, which we have reordered and paraphrased: (1) whether the order of the ALJ meets the requirements for an "adjudication" under Section 507 of the Administrative Agency Law, 2 Pa.C.S. § 507, and (2) whether the PSP incorrectly determined that Reese was ineligible to receive a license to carry a firearm.

---

[3] No such statement was issued, presumably because Rule 1925(a) pertains to appeals from the lower courts, not to petitions for review from administrative agencies. Pa. R.A.P. 1925(a) ["the *judge* who entered the order giving rise to the *notice of appeal* . . . shall . . . file . . . a brief opinion of the reasons for the order, or for the rulings or other errors complained of . . . ." (emphasis supplied)].

We first consider the form and sufficiency of the ALJ's order, which PSP argues fails to meet the requirements for an adjudication under Section 507 of the Administrative Agency Law. Section 507 provides in relevant part that "[a]ll adjudications of a Commonwealth agency shall be in writing, [and] shall contain findings and the reasons for the adjudication." 2 Pa.C.S. § 507. PSP argues that the ALJ's order did not provide adequate notice to PSP so that it could make a "comprehensive decision" concerning the case or allow this Court to conduct effective appellate review. PSP requests remand to the ALJ for issuance of a sufficient adjudication.

Reese responds that the ALJ's order was sufficiently detailed for this Court to review, pointing out that the decision discusses the meaning of the term "conviction," addresses relevant caselaw, acknowledges the restoration of Reese's right to carry a firearm, and states that the restoration was in addition to the set aside of the Arizona conviction.

Section 101 of the Administrative Agency Law defines an "adjudication" as follows: "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made . . . ." 2 Pa.C.S. § 101. Reading the language of Sections 101 and 507 together suggests that there is no particular format that an adjudication must take to be sufficient. In the case cited by PSP, *Salters v. Pennsylvania State Police, Municipal Police Officers' Education and Training Commission*, 912 A.2d 347 (Pa. Cmwlth. 2006), we stated that an "agency opinion needs to contain sufficiently detailed findings of fact . . . so that the Commonwealth Court can perform a meaningful review." *Id.* at 355 [quoting *Daniels v. Workers' Comp.*

4

*Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1055 (Pa. 2003)]; *see also Page's Dep't Store v. Velardi*, 346 A.2d 556, 561 (Pa. 1975) ("When the fact finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision").

Here, there are no disputed facts at issue. [PSP Br. at 9 ("[g]enerally the facts in this case are uncontested"); Reese Br. at 1 ("the pertinent facts are generally not in dispute").] PSP, which had the burden of proof before the ALJ,[4] does not point to any facts adduced in the record that were not included in the ALJ's order. Given that the substantive question involved is the legal effect of a limited number of undisputed facts, which were fully analyzed by the ALJ—albeit in narrative form in a footnote—we see no basis to vacate and remand for a more detailed adjudication.[5]

Regarding the substantive issue in this case, Section 6109(e)(1)(viii) of the Act generally prohibits a person from obtaining a license to carry if she is "[a]n individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year . . . ." 18 Pa.C.S. § 6109(e)(1)(viii). The term "conviction" is defined by Section 6102 of the Act as follows:

> A conviction, a finding of guilty or the entering of a plea of guilty or *nolo contendere*, whether or not judgment of sentence has been imposed, ***as determined by the law of***

---

[4] 18 Pa.C.S. § 6111.1(e)(3) ("[t]he burden of proof shall be upon the Commonwealth").

[5] In this key regard, the instant case differs from the similarly formatted order which we vacated in our recent unreported decision, *Pennsylvania State Police v. Torres* (Pa. Cmwlth., No. 529 C.D. 2023, filed May 7, 2024). In *Torres*, unlike here, the adjudication "[did] not address the case in its entirety; there [was] nothing therein that set[] forth what that burden of proof required or how [the p]etitioner's evidence failed to satisfy the same. It [did] not address [p]etitioner's evidence at all." *Id.*, slip op. at 4.

5

***the jurisdiction in which the prosecution was held***. The term ***does not include a conviction which has been expunged or overturned*** or for which an individual has been pardoned unless the pardon expressly provides that the individual may not possess or transport firearms.

18 Pa.C.S. § 6102 (emphasis supplied).[6]

PSP argues that the Arizona set aside does not change the legal effect of the conviction under the Act, a prohibition from obtaining a license to carry. PSP contends that the set aside of the Arizona conviction does not rise to the level of an expungement or a pardon, citing Arizona caselaw that the conviction remains of record despite a set aside, but does not mention the term "overturned" with respect to its obvious similarity to the term "set aside."

Reese responds that not only did she obtain the set aside of the drug possession offense but also obtained the Arizona firearms rights restoration. She argues that because Arizona no longer considers her conviction a disability for her right to carry firearms, PSP may not deem it otherwise.

Both PSP and Reese compare the instant situation to prior cases of this Court. PSP likens the Arizona set aside provision utilized by Reese to the California set aside provision considered in *Bacon v. Pennsylvania State Police*, 164 A.3d 563 (Pa. Cmwlth. 2017). In *Bacon*, an application to purchase a firearm was denied based on a conviction under California law. The underlying guilty plea resulted in the California conviction, service of a 30-day sentence, and a period of probation. Thereafter, the applicant filed a motion for early termination of probation and set aside of his conviction under California law, which was granted. PSP deemed the

---

[6] The terms "expunged" and "overturned" are not defined. The term "crime punishable by imprisonment for a term of one year" is defined to *exclude* various offenses not relevant to this case. 18 Pa.C.S. § 6102.

conviction for "possession of a 'billy club'" under a former California law equivalent to an enumerated Pennsylvania offense for purposes of Section 6105 of the Act, 18 Pa.C.S. § 6105, which prohibits purchase of a weapon by those convicted of certain offenses. Of relevance to the instant case, we considered whether the set aside of the conviction constituted an expungement, removing it from the definition of conviction under Section 6102 of the Act. Upon review of the legal effect of the California set aside under California law, we concluded that it did not remove the fact of a conviction, was not an expungement, and only removed *certain* criminal consequences of the conviction that was set aside, presumably not including the prohibition of firearm possession. *Bacon*, 164 A.3d at 569-70.

Reese likens her case to *Pennsylvania State Police v. McCaffrey*, 816 A.2d 374 (Pa. Cmwlth. 2002), and *Pennsylvania State Police v. Sama*, 209 A.3d 1155 (Pa. Cmwlth. 2019). In *McCaffrey*, an applicant sought renewal of a license to carry a firearm and, like Reese in this case, was denied under Section 6109(e)(1)(viii) of the Act. *McCaffrey*, 816 A.2d at 375. The applicant, who was previously convicted of a felony in New York, subsequently obtained a certificate in New York that specifically relieved him of any disability or bar "re: application for pistol permit, gunsmith license, to possess weapons for hunting." *Id.* The certificate was issued under Section 701.1 of the New York Correction Law, N.Y. Correct. § 701.1, and had the following effect under that law:

> Notwithstanding any other provision of law [except a specified provision of the public health law and the vehicle and traffic law] a conviction of a crime or of an offense specified in a certificate of relief from disabilities shall not cause automatic forfeiture of any license, permit, employment or franchise, including the right to register for or vote at an election, or automatic forfeiture of any other right or privilege, held by the eligible offender and

7

covered by the certificate. ***Nor shall such conviction be deemed to be a conviction*** within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate .
. . .

*Id*. at 376-77 [quoting N.Y. Correct. § 701(2)[7] (emphasis supplied)]. Ultimately, this Court upheld an ALJ's decision that directed the PSP to amend the applicant's criminal history in order to relieve him of his firearms disability based on the New York certificate. We held that "where the convicting jurisdiction deems the conviction no longer a 'conviction' for purposes of firearms disability, the PSP has no discretion to deem otherwise." *Id.* at 377.

*Sama* is another case where an applicant was initially denied a license to carry under Section 6109(e) of the Act, as well as Section 6105(c)(2). *Sama*, 209 A.3d at 1156. The applicant in *Sama* was pardoned by the governor of Delaware, restoring his right to possess firearms and to hold a license to carry under the laws of that state. *Id.* Based on the statutory language regarding pardons, and likening the case to *McCaffrey,* we held that the pardon of the Delaware offense excluded his offense from Section 6102's definition of a conviction. *Id.* at 1160.

Like the order in *McCaffrey*, or the pardon in *Sama*, the Arizona court's firearms rights restoration restored the applicant's civil rights to carry a firearm under the laws of that state. The Arizona law under which Reese would have made

---

[7] This version of Section 701 of the New York Correction Law, effective at the time of *McCaffrey*, has since been amended.

application to restore her right to carry a firearm, then-Section 13-905 of the Arizona Criminal Code,[8] provided in pertinent part as follows:

> Restoration of civil rights; persons completing probation
>
> A. A person who has been convicted of two or more felonies and whose period of probation has been completed may have any civil rights which were lost or suspended by [her] felony conviction restored by the judge who discharges him at the end of the term of probation.
>
> B. Upon proper application, a person who has been discharged from probation either prior to or after adoption of this chapter may have any civil rights which were lost or suspended by his felony conviction restored by the superior court judge by whom the person was sentenced or his successors in office from the county in which [s]he was originally convicted . . . .

Ariz. Rev. Stat. § 13-905.A-B (2005).

Further, the firearms rights restoration Reese obtained is separate from, and in addition to, the set aside. The Court of Appeals of Arizona has stated that

---

[8] Arizona laws concerning set aside of convictions and firearms rights restoration have been amended repeatedly prior to and after the orders at issue were obtained. It was agreed at oral argument that the version of the laws that controls in this case are those in effect in 2005.

The set aside provision which would have applied is then-Section 13-907 of the Arizona Criminal Code, which states in pertinent part:

> Except as otherwise provided in this section, every person convicted of a criminal offense, on fulfillment of the conditions of probation or sentence and discharge by the court, may apply to the judge, justice of the peace or magistrate who pronounced sentence or imposed probation or such judge, justice of the peace or magistrate's successor in office to have the judgment of guilt set aside . . . .

Ariz. Rev. Stat. § 13-907.A (2005).

"the entire statutory scheme . . . treats the restoration of civil rights as separate from the vacation of a conviction and the dismissal of the accusation . . . . It is therefore clear that the legislature intended that they be separable remedies." *State v. Hall*, 322 P.3d 191, 193 (Ct. Apps. Ariz., Div. 2, 2014) [quoting *State v. Key*, 626 P.2d 149, 151 (Ct. Apps. Ariz., Div. 2, 2014)]. Clearly, as pointed out by PSP, there are consequences of a conviction that continue under Arizona law even after a conviction is set aside. *See Hall*, 322 P.3d at 194 (citing instances in which disability of conviction continued after set aside); *Russell v. Royal Macabees Life Ins. Co.*, 974 P.2d 443, 449 (Ct. Apps. Ariz., Div. 1, Dep't B 1988) (holding that expungement does not protect a person from having to disclose the fact of conviction upon direct inquiry of such in an insurance application); Ariz. Rev. Stat. 13-905.D, E, G (2023) (current version of set aside law, listing circumstances in which conviction continues to be effective). However, once firearm rights are restored that consequence does not continue.

We consider *Bacon* to be distinguishable. *Bacon* was decided on the ground that the "set aside" provided under California law did not amount to an "expungement," which would have excluded the guilty plea at issue from the definition of "conviction" in Section 6102 of the Act.[9] *Bacon*, 164 A.3d at 570. Moreover, and of paramount importance, Section 1203.4(2) of the California Penal Code specifically provided that "[d]ismissal of an accusation or information pursuant to this section ***does not permit a person to own, possess, or have in his or***

---

[9] As noted, Section 6102 defines conviction to include a "conviction . . . or the entering of a plea of guilty . . . as determined by the law of the jurisdiction in which the prosecution was held." 18 Pa.C.S. § 6102. The term does not include a conviction which has been expunged.

10

*her custody or control any firearm*." *Bacon*, 164 A.3d at 568, [quoting California Penal Code § 1203.4(a)(2) (emphasis supplied)].

While Arizona's courts—like California's—do not consider its set aside provision to afford relief from firearms rights disability, *Hall*, 322 P.3d at 192, Arizona law clearly differs on this point *where a firearms rights restoration has also been obtained*. Although the terminology of Arizona law is different than that of the New York law applied in *McCaffrey*, that is of no moment.[10] For the specific purpose of the right to carry a firearm in Arizona, and hence a determination of eligibility for a license to carry a firearm in Pennsylvania, Reese no longer labors under the disability arising from her drug possession conviction by the state of Arizona.

In light of the foregoing, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge McCullough did not participate in the decision for this case.

---

[10] As set forth *supra*, the New York statute considered in *McCaffrey* explicitly stated that a certificate for relief from disabilities under that state's law means that "such conviction [shall not] be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, . . . a disability to exercise any right . . . covered by the certificate." While the Arizona statute at issue here lacks the "magic words" "shall not be deemed a conviction," its effect is identical with respect to the right addressed.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,       :
                      Petitioner :
                                 :
       v.                        :     No. 709 C.D. 2023
                                 :
Amanda Jo Reese,                 :
                     Respondent  :

# **O R D E R**

AND NOW, this 16th day of July, 2024, the order of the Administrative Law Judge for the Office of Attorney General in the above-captioned matter is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita